Justice Drake
delivered the opinion of the court.
A capias was issued in this case, returnable to the term of November, 1822, founded upon an affidavit made in the preceding vacation, by one George M. Stroud, who affirmed, that the sum of 8329.56 was due and owing to him, (as assignee of Eobeson and Parrv, merchants, who, being insolvent, made an assignment to him of all their estate, for the benefit of their creditors) by John E. Thompson, (late of the firm of Chambers & Thompson) as appears by the books of the said Eobeson and Parry. — Bail was put in and perfected, and the cause appears to have slept until *very [*98 lately, when it has been put at issue, a trial had at the last Hunterdon Circuit, and verdict for the plaintiffs. The bail now move the court to be discharged from their recognizance; on the ground that the cause of action declared on, varies from that stated in the affidavit, in the following particulars :
*124 1. That the affidavit states a debt due to George M. Stroud, assignee, &c., whereas the declaration sets out a debt due to John P. Eobeson and Jacob Parry.
2. That the Christian names of the persons composing the firm of Eobeson & Parry, are not set out in the affidavit, and we cannot presume them to be the plaintiffs in this cause.
But these variances appear as well upon the writ as upon the declaration; and bail having been perfected without noticing them, I am of opinion, that it is now too late to apply for a discharge on these grounds.
But another variance is brought to our view, apparent upon the declaration, and not on the writ. And to this the counsel for the plaintiffs makes the same objection as to time. The facts shewn in this case, satisfy ns that the declaration was not filed before the last term of this court, and that the bail have had no opportunity of discovering its con- ■ tents, and founding a motion thereon, before the present term. And in answer to some suggestions made by the plaintiff’s counsel, I would observe, that the long delay on the part of the plaintiffs in filing fheir declaration, would be a reason for extending more, rather than less, indulgence to the bail, as to the time when it is incumbent on them to make any motion founded on the contents of that declaration. I am of opinion that they are in time; and that .if their objection be a good one, they should have the advantage of it.
The cause of action set out in the declaration, is, in substance, that the said John 0. Chambers and John E. Thompson, being indebted to the plaintiffs for goods sold, &c., applied to the plaintiffs, and requested them to release and discharge said Chambers from all liability on account of the said debt, in consideration whereof the said John E. Thompson executed his certain deed or instrument of writing, sealed with his seal, bearing date the fourteenth day of November, A. D. 1820, in the “ words and figures following.” The deed is then set out; the import of. which is, that if the plaintiffs release Chambers, he (Thompson) will *125 not take advantage of it, but will still hold himself liable to pay the one equal *half part of the said debt. It [*99 is added that the plaintiffs did release and discharge Chambers ; by reason of which premises an action accrued to the plaintiffs, to demand and have, from said defendant, the one-half of said debt.
Now, it is only by the operation of this special agreement, that the action could bo maintained against John R. Thompson alone. But the affidavit, so far as it discloses the ground of action, induces the supposition that the suit is brought to recover of John R. Thompson a debt due from Chambers and Thompson, on book account. Courts of justice suffer slight variances to bo- taken advantage of in this way. 2 Taunton 107; 6 Term Rep. 363; 7 do. 80; 13 East. 273. And it is right they should do so. Whoever attacks the liberty of the citizen should know the grounds on which he does it. Our statute requires an affidavit of the cause of action, in order to hold to bail. And it should be stated truly. And bail may safely come forward, and protect the debtor from imprisonment, even where he is liable, if that liability rests upon different grounds from those stated in the affidavit.
The court ordered the exoneretur to he entered.
The Oiiiee Justice, having been concerned as counsel in the cause, gave no opinion.